UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>**Crown Castle Towers 06-2 LLC**</u>

   v.                                               Case No. 15-cv-507-PB
                                                     Opinion No. 2016 DNH 051

<u>**Town of Bedford,
New Hampshire, et al.**</u>

## <u>MEMORANDUM AND ORDER</u>

In 2015, Crown Castle Towers 06-2 LLC applied for a special exception and variance from the Town of Bedford's Zoning Board of Adjustment, so that the company could build a telecommunications facility in Bedford, New Hampshire. When the Board denied Crown Castle's application, the company filed this suit against the Town, the Board, and five Board members, alleging that the defendants' actions violated federal and New Hampshire law. Since that time, Denise Ricciardi, a Bedford homeowner whose property abuts the site of Crown Castle's proposed facility, has filed a motion, which the parties interpret as a motion to intervene. Ricciardi, proceeding pro se, opposes Crown Castle's project. Crown Castle, in turn, opposes Ricciardi's attempt to intervene. As explained below, I grant Ricciardi's motion.

## I. BACKGROUND[1]

Crown Castle would like to put up a 190-foot multi-user telecommunications facility on town-owned land in Bedford (the "Property"). Crown Castle reportedly chose that site because it is the only location that allows Verizon Wireless to close a significant gap in its coverage. In December 2014, Crown Castle entered into a ground lease with the town, whereby the town granted the company an option to construct the proposed facility on the Property. Crown Castle entered into a separate agreement with Cellco Partnership d/b/a Verizon Wireless to co-locate on the tower.

In July 2015, Crown Castle and Verizon applied for a special exception and variance from Bedford's Zoning Board of Adjustment. After two hearings, the Board denied the application, concluding that Crown Castle had failed to show, as required by town ordinance, that the proposed tower was "the least intrusive manner" to fill the service gap. Doc. No. 1 at 13. Thereafter, Crown Castle moved for rehearing, arguing that its proposal satisfied both the town's ordinance and federal requirements. The Board denied that request.

---

[1] Unless I indicate otherwise, I have drawn the facts presented here from Crown Castle's complaint, Doc. No. 1.

In December 2015, Crown Castle brought this action against the Town, the Zoning Board, and five Board members (all in their official capacities).  See Doc. No. 1 (Complaint).  Crown Castle alleges that the defendants violated Section 704 of the Telecommunications Act of 1996 ("TCA"), and the New Hampshire Zoning Act.  The company seeks both declaratory and injunctive relief.

On January 25, 2016, Denise Ricciardi, proceeding pro se, filed a four-page handwritten document, which she titled a motion to "interrence[sic]/appear."  Doc. No. 11 at 1.  In her motion, Ricciardi states that she is "an abutter to" the Property, and notes that "the [proposed] tower will be [approximately] 455 feet from my home."  Id.  Ricciardi contends that the tower will be unsightly, will "diminish property values," and raises significant health concerns.  Id.  Ricciardi filed additional materials – a two-page handwritten document, plus several exhibits - on February 2, 2016.  Doc. No. 13.

Crown Castle responded to Ricciardi's submissions with an "Opposition to Motion to Intervene."  Doc. No. 14.  As the title implies, Crown Castle treated Ricciardi's filings as an attempt to intervene.  Crown Castle argues that I should deny that attempt, because Ricciardi's has not satisfied the requirements for intervention, as set out in Federal Rule of Civil Procedure

24.[2]  Defendants "take no position with respect to the motion to intervene filed by Denise Ricciardi."  Doc. No. 15.  Ricciardi did not reply to Crown Castle's opposition.

## II. ANALYSIS

Federal Rule of Civil Procedure 24 affords both intervention of right, and permissive intervention.  Rule 24(a), which allows intervention of right, provides in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).  Thus, to satisfy Rule 24(a), a putative intervenor must establish that "(1) it timely moved to intervene; (2) it has an interest relating to the property or transaction that forms the basis of the ongoing suit; (3) the disposition of the action threatens to create a practical impediment to its ability to protects its interest; and (4) no existing party adequately represents its interests."  B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 544-

---

[2] Crown Castle further argues that I should deny Ricciardi's motion because her filings do not comply with the Federal Rules of Civil Procedure or the Local Rules.  Under the facts of this case, and in light of Ricciardi's pro se status, I conclude that these errors were inadvertent, and do not warrant denying intervention here.

4

45 (1st Cir. 2006). Rule 24(b), in turn, allows for permissive intervention where the potential intervenor both (1) files a timely motion, and (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

In this district, courts routinely permit abutting landowners to intervene in lawsuits, like this one, brought under the TCA. See, e.g., Indus. Tower & Wireless, LLC v. Town of Epping, No. 08-cv-122-JL (September 30, 2008 endorsed order granting abutting landowner's motion to intervene); Indus. Tower & Wireless, LLC v. Town of E. Kingston, 07-cv-399-PB (March 11, 2008 endorsed order); Indus. Commc'ns & Elecs., Inc. v. Town of Alton, 07-cv-82-PB (August 2, 2007 endorsed order); USCOC of N.H. RSA #2, Inc. v. Town of Bow, No. 05-cv-327-JM, 2006 WL 2583443 (D.N.H. Aug. 15, 2006) (Report and Recommendation, recommending that motion to intervene be granted). These decisions recognize that there is a "genuine potential for divergence of interest" between a town and an abutting landowner in these disputes. Nextel Commc'ns of Mid-Atl., Inc. v. Town of Hanson, 311 F. Supp. 2d 142, 152 (D. Mass. 2004). Indeed, even where the town opposes a facility's construction at the outset of a case, "it might change or soften that position based on its broader geographic and institutional interests." Id. The abutting landowner, however, has an ongoing interest in

protecting her property's value.  For that reason, "abutting landowners should, as a general matter, be permitted to intervene in federal actions brought under the TCA."  Id. (citing Metheny v. Becker, 352 F.3d 458, 462 (1st Cir. 2003); Brehmer v. Planning Bd., 238 F.3d 117, 119 n.2, 122 (1st Cir. 2001)).

   Despite this precedent, Crown Castle opposes Ricciardi's motion, arguing that the Town of Bedford can adequately protect her interests.  The company does not, however, address the series of decisions in this district, cited above, that allow an abutting landowner to intervene under these circumstances.  More fundamentally, I disagree with the company's argument that the Town can adequately protect Ricciardi here.  On the contrary, although the Town currently opposes the company's proposed tower, "[t]here are virtually unlimited ways in which . . . the existing parties might compromise in a manner prejudicial to [Ricciardi's] interests."  Id.  Therefore, consistent with previous decisions in this district, it is appropriate to grant Ricciardi's motion.

   Nonetheless, I note that it is somewhat unclear whether Ricciardi actually wants to intervene.  See Doc. No. 11 at 1 (titling her motion a motion to "interrence[sic]/appear"). Given that potential confusion, and Ricciardi's pro se status, I grant Ricciardi fourteen days in which to withdraw her motion,

6

if she does not wish to intervene.  Otherwise, I will assume that Ricciardi intended to intervene.

### III. CONCLUSION

For the reasons provided above, I grant Ricciardi's motion to intervene (Doc. No. 11).  If Ricciardi wishes to withdraw her motion, she may do so on or before March 24, 2016.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

March 10, 2016

cc: Earl W. Duval, Esq.
    Russell F. Hilliard, Esq.